IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CONNIE DEWITT, individually and
on behalf of others similarly situated                    PLAINTIFF

v.                          No. 4:11-cv-873-DPM

SECURITAS SECURITY SERVICES USA
INC.; and SECURITAS SERVICES INC.                         DEFENDANTS

ORDER

1. The Securitas defendants' amended motion for leave to file a sur-reply, *Document No. 25*, is granted; their original motion about a sur-reply, *Document No. 24*, is denied as moot; and their request for oral argument is denied. The Court has considered *Document No. 25-1* in making its decision. The Securitas defendants should file and serve it now to clarify the record. The parties' joint motion to extend their time to file their Rule 26(f) report, *Document No. 26*, is also granted. Report due by 8 June 2012.

2. Dewitt's motion for conditional certification of a nation-wide collective action, *Document No. 2*, is denied for three main reasons. First, the supporting evidence—Dewitt's affidavit and attached pay stubs of others,

who would not be members of Dewitt's proposed class[*] — is just too thin and conclusory. Dewitt, for example, cannot testify about others' pay stubs; and she omitted her own, so the Court cannot tell if she would even be in the class she wants to create and represent. Dewitt has not yet made the modest factual showing required. *Wheeler v. Baxter Healthcare Corp.*, No. 4:11-cv-263-JLH, 2011 WL 5402446, at *2-*3 (E.D. Ark. 8 Nov. 2011); *Douglas v. First Student, Inc.*, 4:09-cv-652-SWW, 2010 WL 129666, at *3 (E.D. Ark. 11 Jan. 2010). Second, the varied law across the several States regulating licensing and registration of security companies and security guards would make a nation-wide class a morass. Sub-classes are not the answer because there would be so many of them. The thin record comes in here too: no sufficient factual material was provided about folks in other States. The need to apply various States' laws to varying payroll facts eliminates the judicial economies of a collective action. Third, and relatedly, Dewitt has not demonstrated that she is similarly situated to employees in other States. *Salter v. Onyx Corp.*, No.

---

[*]The pay stubs are from Securitas employees who are plaintiffs in a related case, *Delock v. Securitas Security Services USA Inc.*, No. 4:11-cv-520-DPM. All of the *Delock* plaintiffs are subject to an arbitration agreement — a group the proposed class in this case seeks to exclude.

4:10-cv-906-JLH, 2011 WL 744979, at *2 (E.D. Ark. 24 Feb. 2011); *Madden v. Lumber One Home Center of Stuggart Inc.*, No. 4:10-cv-1162-JLH, 2010 WL 4974971, at *5 (E.D. Ark. 2 Dec. 2010). The interaction between the varying State law and the FLSA and its implementing regulations creates dissimilarity, not similarity, in employees' circumstances.

3. The denial is without prejudice to a new motion limited to the Arkansas facilities. The motion, however, must be supported by adequate and admissible evidence.

\* \* \*

Motion to certify nation-wide class, *Document No. 2*, denied without prejudice to an Arkansas-related collective action and otherwise denied with prejudice. Amended motion to file a sur-reply, *Document No. 25*, granted. Original motion to file a sur-reply, *Document No. 24*, denied as moot. Request for oral argument denied. Joint motion to extend time for filing Rule 26(f) report, *Document No. 26*, granted.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

23 May 2012