IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DAVID DELOCK; ALISHA
MEREDITH; ERIC MOTLEY;
STEPHEN CARLSON; DEBORAH
GOLDHORN; JOHNNY BROWN;
BOBBY WALKER; TIMOTHY PIERCE;
BRIAN PEASE; CHRIS WILSON;
NICHOLE LEDFORD; BRIAN
HATHAWAY; and STEVE BUCKER,*
all individually and on behalf of others
similarly situated                                                                              PLAINTIFFS

v.                          No. 4:11-cv-520-DPM


SECURITAS SECURITY SERVICES
USA, INC. and SECURITAS SERVICES,
INC.                                                                                             DEFENDANTS

AND

CONNIE DEWITT, individually and
on behalf of others similarly situated
                                                                                                 PLAINTIFF

v.                          No. 4:11-cv-873-DPM


SECURITAS SECURITY SERVICES USA
INC. and SECURITAS SERVICES, INC.                                                                DEFENDANTS


* Bucker is not listed on the docket sheet as a party. He was added by
stipulation. *Document No. 64.* The Court directs the Clerk to add him.

## MEMORANDUM OPINION

With one exception, the proposed settlement is fair, reasonable, and adequate based on all the material circumstances. When approving a settlement, a District Court must consider: (a) the probability of success in the litigation; (b) the difficulties associated with collecting the award; (c) the complexity of the litigation involved, and the inconvenience and delay necessarily attending it; and (d) the interests of the parties and a proper deference to their reasonable views in the premises. *In re Flight Transportation Corp. Securities Litigation*, 730 F.2d 1128, 1135 (8th Cir. 1984) (Richard S. Arnold, J.). Plaintiffs' counsel reports that the proposed Settlement Agreement pays each plaintiff for all time worked "off-the-clock," satisfying their interests and achieving the primary goal of the litigation. Defendants will bear attorney's fees without conceding fault. And settlement avoids the substantial costs and delays of a trial.

The Court notes that the portion of the settlement devoted to attorney's fees might appear generous; but the Court has reviewed the billing records, which show a substantial reduction between the time spent and this part of the recovery. The Court is also mindful that this agreed number is the

product of an arm's length compromise. The parties know their case better than the Court does. In sum, the fees are not excessive given all the material circumstances. Overall, each factor weighs in favor of the proposed settlement's fairness, reasonableness, and adequacy. 730 F.2d at 1128.

The one exception. No compelling reason has been demonstrated to keep the proposed settlement confidential. The parties' joint motion, *Document No. 65*, points to a number of cases supporting the notion that federal courts routinely approve confidential settlements. This may be so. But no controlling authority exists on this point. *Ibid.* The parties also say that settlement would not have been possible without an agreement to keep the terms confidential. *Ibid.* Maybe or maybe not. The spur to settle provided by confidentiality, though, does not overcome the public's right of access to court records. *Arkansas Best Corp. v. General Electric Capital Corp.*, 317 Ark. 238, 247, 878 S.W.2d 708, 713 (1994).

"One of the basic principles of a democracy is the people have a right to know what is done in their courts." *Arkansas Dept. Of Human Services v. Hardy*, 316 Ark. 119, 123, 871 S.W.2d 352, 355 (1994). And the press must have access to the judicial process to subject that process to public scrutiny and

comment. *Arkansas Television Co. v. Tedder*, 281 Ark. 152, 154, 662 S.W.2d 174, 175 (1983). Our law "favors a policy of maximum public access" because secret judicial proceedings could defeat this vital "synergy of the peoples' right and the press's function." *Hardy*, 316 Ark. at 123, 871 S.W.2d at 355; *see also Sheppard v. Maxwell*, 384 U.S. 333, 350, 86 S. Ct. 1507, 1515-16 (1966) (when court business is conducted in private, it becomes impossible to expose corruption, incompetence, inefficiency, prejudice, and favoritism). In keeping with these venerable principles and traditions favoring open court records, the Court concludes that any settlement agreement should be public.

The Court intends to give final approval and unseal the settlement documents promptly on 30 November 2012 unless the parties advise the Court before then that making the details public means there is no settlement and the cases should therefore stay on the docket for adjudication.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge
16 November 2012